JAMES McWHORTER, APPELLANT, V. CHARLES SCHRAMM,
APPELLEE.

FILED OCTOBER 30, 1914.  No. 17,834.

1. **Elections: CONTEST: COMPLAINT.** When the complaint in a con-
   tested election case alleges the reception of illegal or the rejection
   of legal votes, the contestant, on motion, will be required to set
   out the names of the persons who so voted or whose votes were
   rejected, if known.

2. ——: ——: BURDEN OF PROOF. A contestant in a contested
   election case is required to prove the material allegations in his
   complaint, whether the incumbent has formally answered or not,
   and upon failure to furnish any proof of such allegations his
   action should be dismissed.

APPEAL from the district court for Pierce county:
ANSON A. WELCH, JUDGE.  *Affirmed.*

*M. H. Leamy,* for appellant.

*O. S. Spillman, contra.*

FAWCETT, J.

Contestant brought suit in the district court for Pierce
county to contest the election of incumbent as school dis-
trict treasurer of district No. 30, in that county.  From a
judgment dismissing his action, he appeals.

Only one point need be considered.  The substance of the
complaint is that the incumbent was elected at the annual

school district meeting by a *viva voce* vote; that the officers in charge of the school election failed to make or keep any record of the proceedings, and failed to give notice of the time and place of holding the election; that "there was malconduct, fraud, and corruption" at the meeting on the part of the director and moderator; that incumbent was not eligible to the office; that eleven illegal votes were cast; that five legal votes, which would have been cast for contestant, were rejected; that the director and moderator made an error against contestant of five votes in counting the votes cast; that the incumbent had failed, neglected and refused to qualify as treasurer; and that contestant had filed his bond and had in all respects duly qualified. Incumbent appeared in the action, and upon his motion contestant was ordered to set out in his complaint, within ten days, the names of the voters who he claimed had voted illegally. Rev. St. 1913, sec. 2114. This order was not complied with.

The allegations in the complaint, or at least some of them, were material allegations, which it was incumbent upon contestant to prove at the trial, whether incumbent had formally answered or not. Notwithstanding the fact that this burden rested upon him, when the case was regularly called for trial, he, through his counsel, announced that he had no evidence to offer. The court therefore properly dismissed his action.

AFFIRMED.

LETTON, ROSE and SEDGWICK, JJ., not sitting.